This is the case of 211-0191, Puget State, Illinois v. Jose L. Cervantes. On behalf of the appellant, Ms. Kathleen Hamel. On behalf of the people, Ms. Sally Switz. You may be seated. Thank you. Good morning, Your Honors. Good morning. I'm Kathleen Hamel from the Office of the State Appellant Defender, representing the defendant appellant, Jose Cervantes. May it please the Court. This morning, Your Honors have directed us, issued an order directing us to focus our attention on four questions, all of which pertain to our first argument, which is whether the defendant's conviction should be reversed because it was barred under double jeopardy principles. I'm prepared to answer any questions regarding our second argument, our reasonable doubt claim, or our third argument, which was alternatively that the cause should be remanded for 605A proceedings, but unless Your Honors have questions, I'm prepared this morning to just get right on to the questions that you asked. Why don't we start? Go ahead. Brad. I took my long briefs. Do you want a table to write? If you want to. You know what, just give me a minute if you don't mind. I apologize. We'll hold on one second and we won't jeopardize the time. We'll probably have additional time on this case anyway, so. Could you answer a threshold question that I've been wondering about? It appears here that the judge misread the indictment, for lack of a better phrase. Did the judge here make a mistake of fact, a mistake of law, or neither? Well, my answer to that actually is that it really doesn't matter in a case like this. We could say it was a mistake of fact and that he simply misunderstood or misread the. . . Thought there was an element there that had to be proven that wasn't necessary to be proven. Is that what you're saying, mistake of fact? Well, no, it isn't what I'm saying actually. He made a mistake about what the underlying, the predicate offense for the felony murder charge was. We could construe that as a mistake of fact or a mistake of law in construing the indictment. It really doesn't matter in a case like this, and that is because of the procedural posture. Because when he made the mistake, it was when he was wearing the hat of the trier of fact, the same hat that a jury wears at the very end of a trial. The defendant had submitted the ultimate question of his guilt or innocence to the judge at that point. And anything that the judge ruled, just as he might have to a jury, had he chosen a jury trial, anything that the court ruled at that point would be a final, non-appealable judgment which could not be impeached in any way. Now, the question that you asked, that was asked, though, about whether or not it makes a difference, whether it's a mistake of fact or a mistake of law, I think it's, I didn't realize this before I addressed this question, preparing for this, but it occurred to me that that is, that question is more likely to be relevant in a case where the judgment of acquittal, the arguable judgment of acquittal, occurs on a motion for a directed verdict. And this is because at that stage, it is possible that it might be arguable whether the character of the order, even though the defense counsel moves for a directed verdict and it gets granted, it might be at least arguable that it was granted more as a motion to dismiss the charge because it went to something other than a resolution of a question of fact. But when we get to the end of a case, when the trier of fact is making the ultimate decision, resolving the guilt or the innocence, as a jury could, then we cannot go any further other than to accept the court's decision or the jury's decision as final. At that point, you know, it's the same as when a jury walks out the door afterwards and the prosecutor might come up and ask a juror a question and discover that the entire deliberations were completely misfocused, that they had a gross misunderstanding of the law, and that if they had, you know, had a chance to, you know, have the prosecutor do what the prosecutor did here for the judge to explain it, they might change their verdict. We can't impeach the jury's verdict. The processes by which they reached a verdict, mistaken, albeit, however, they've erroneously arrived at the verdict, we can't impeach that. This is a bench trial. Is there any difference there? There is not. And my authority for that is actually Martin Lennon itself. Martin Lennon is a directed verdict case, basically. It's a federal rule that allows the court to direct a verdict after a jury has been hung within a period of time. And in that case, the state was arguing whether or not it wasn't an acquittal, whether or not the order directing the verdict was actually something more akin to a dismissal. Well, so they were really talking about, and that's why the definition that is discussed in Martin Lennon is addressing the character of the order that is being called an acquittal. However, in a footnote, excuse me, I'm sorry. No, go ahead. In footnote number six to that decision, the court says that a verdict of not guilty entered by a judge or jury is accorded non-appealable finality by the double jeopardy cause. Right. That's what we have. But doesn't Martin Lennon go on to say, or isn't this double jeopardy analysis based on two things? One, whether the judge's pronouncement was equivocal or unequivocal. If it's unequivocal, then we do have to go to the second part of the analysis which is articulated in Martin Lennon, which is whether the judge resolved some or all of the factual elements of the offense charge. And I think the question is, or at least the question I have is, is that what happened here? Were there elements that the judge decided of the offense charge if the judge wasn't looking at the offense charge, which is what happened here? Indeed, the judge found the defendant guilty of count four, which is unlawful possession. And the offense charged in count one was unlawful possession with intent to deliver. So how would you look at Martin Lennon under the facts of this case? Well, again, what I look at in Martin Lennon is that certainly throughout the decision is a steady beat of recognition of the fact that a judgment of acquittal is a final order that cannot be appealed. In the footnotes, as I say, one says a verdict of not guilty entered by a judge or a jury. And here we have a judge who says he will be found not guilty of count one armed violence unequivocally without any correction. And then there is another that it would be accorded a non-appealable finality. And also footnote 12, they say where a trial by a judge, where the trial is by a judge, there is no question that the double jeopardy clause affords the judge's determination in favor of the defense its full constitutional effect. No, but footnotes, I'm sorry. But then the court says not in a footnote, rather we must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged. So they're suggesting you don't just look at the label not guilty. No. You have to look at what it represents. And I think, I mean, that's the issue here, I think. Well, with all due respect, I disagree to some point. I think what they're actually saying there is what we do is we look at the nature of the order, no matter what it might be. And again, in Martin Lennon, it was not an acquittal. I mean, it was a ruling out of motion for acquittal, but everybody was treating it as a motion for directive verdict. What they're doing is that when it's not a bald-faced, right-out, classic, undeniable acquittal, it might still be an acquittal. Well, how about in this case, though, where one can argue it wasn't an outright acquittal when the judge, kind of like in the Vilt case, quickly said, oh, yeah, I'll examine that again. And then it appears that somebody scratched that conviction out in the judgment. Well, tell me what your take is on that. The difference between Vilt and this case is primarily the passage of time. In Vilt, literally, the court says this happened virtually with the same breath. In our case, the court unequivocally, and this also distinguishes it from Williams and from Burnett, the court unequivocally states he will be found not guilty of count one. Wait, this wasn't a mistake. The judge didn't misspeak. He didn't say something that he didn't intend to say. He said not guilty. Right. He intended to find him not guilty. He said that unequivocally, correct? Yes. And then he proceeded to behave, and he also resolved all the other counts that were charged at the same time. This was the end of the case. The verdicts had been announced. The defendant had been acquitted of some and convicted of others. Then he revoked the bond. He ordered the pre-sentence report. He set a sentencing date. These are all the things that a court does when it is unequivocally ruled in the case. It wasn't until the colloquy between the prosecutor and the judge that the judge even realized it was a mistake. So what's fundamentally different from those other cases where the judge misspoke, so to speak, and at his own realized he had made a mistake? Right. I don't think there is a difference between, for example, People v. Lewis, which I regret that I didn't discuss the facts of in my brief, but I can do that now. That was at the very end of the bench trial, just like here. The defendant had been charged with delivery of heroin and also with possession of cocaine. The judge, in ruling, says that the evidence shows that the defendant delivered heroin, that was count three, and that he also possessed cocaine, that is count four. And then, not sequitur, the court says the state did not meet its burden of proof on count three, so he is not guilty on that one, and goes on to say that he is guilty on count four. Nobody reacts. The case is continued to sentencing. When they get to sentencing, the prosecutor comes in and says, well, you convicted him on both counts, delivery of heroin and possession of cocaine. And the court says fine, and then enters sentence on both of those. On appeal, for the first time, the defense argues that that guilty on delivery of heroin was an acquittal. And the appellate court says, well, the state suggests we should ignore the acquittal because the trial court simply misspoke. We note, a judgment of acquittal stemming from an evidentiary hearing, however erroneous, bars further prosecution on any aspect of the charge. Well, let me ask you this. Yeah, but this is a miss, the judge misspoke. Here, that isn't really. No, we have a true mistake. He made a, just after contemplating the charges and the evidence for a month, he somehow failed to notice which charges he underwent. He didn't make any factual findings on the offense charge, because indeed he found the defendant guilty of the possession count. So, I mean, there wasn't anything he found the defendant not guilty of, which would have been the intent to deliver, that was part of the armed violence in count one. That's true. So that's the irony of the whole situation. It is terribly ironic. It's terribly ironic. And there is something a little repulsive about, you know, a slip of a lip could stink a ship here. But that is what the law is. That is what Lewis says. And if we go back to what the egregiously erroneous discussion in Martin Lennon is based on, which is the facts of the United States v. Fong Fu from 1962. In that case, that one I don't cite in my brief. But it is discussed extensively in Martin Lewis, or Martin Lennon. And it's very, it's worth contemplating. There, the state got up at a jury trial and had three and a half of its witnesses in a case in which they anticipated having many, many witnesses. And three and a half witnesses, and the judge suddenly says, I don't like these witnesses. I don't believe them. I question their credibility. And the judge also had some idea that the prosecutor had engaged in misconduct. And at that point, before the state had presented its case, directed verdicts of not guilty for the defense. There was no factual resolution of any charges there, was there? Well, what happened there is they had the state appealed, and the court of appeals said, the state appealed and said there was no authority. The court didn't even have authority to do that. The federal court said, you're right, however, it's an acquittal. And then they went to the United States Supreme Court, and the United States Supreme Court said, the state is right, the court had no authority, however, that was an acquittal. Right, but there was no factual resolution there either, correct? Right, and yet, and yes, and so I think we're agreeing. And even though there was no resolution of the fact there. They still know there was double jeopardy. Yes, double jeopardy did trigger. But it was related to the charge in the indictment. Here, what happened was not related to the charge in the indictment with regard to count one. I think that's the difference. Well, I think what it is is that the court, again, I believe that what happens when the court goes into the moat, when we're at the stage of the proceedings, when the court is acting like the jury, a jury can make the same mistake. And we would never even know it unless we found it in casual conversation afterwards. But when it's at that stage of the game, then when the court says unequivocally, the defendant is not guilty of this count, that is an acquittal. That's the point that concerns me. What if the judge here stood up and said, not guilty of the same counts here, but didn't share the reasoning? Let's assume that happened. Would we even be here today? Right. How could the state of appeal? Right, that's correct, that's correct. Because the judge shared the reasoning. And the judge, by the way, is the judge required to state the reasons why they find somebody not guilty? Is there some case where it says they must enunciate the findings or the factual basis upon which they find somebody not guilty? No. In a bench trial, that is not necessary. And a conviction can be upheld even if the reasons are dead wrong. But there were no reasons given here. In a sense, all the judge did was say that I find the defendant not guilty of count two and not guilty of count three. Therefore, count one, false. So that's not really giving reasons or an analysis. That is, I don't know, explaining the difference in charges or how it's logically necessary given what the charges were in the indictment. And when the prosecutor heard that, that's when the prosecutor asked, you know, 40 lines later in the record, well, judge, will you clarify? So that's what it was. So I'm wondering whether I don't see how that really is the judge giving the reasons for his findings. Well, I agree. And it really doesn't matter. All we really look at at that stage in the proceedings is what is the judge's ruling. And here it was a ruling of acquittal on our violence. And even though the reasons were wrong, it's something that we are stuck with under the law. But then the question is, do you get into inconsistent verdicts because what was charged in the bill of indictment in count one isn't consistent with what the judge found in count four? So it leads us down a whole separate path. And I don't want to get into that now, but, you know, there are other ramifications to that here, given these facts. I think that the big concern here in all double jeopardy cases is the finality and non-appealability of an acquittal. And that is the heart of the double jeopardy clause. That is why the American system took its departure from the English system, because we did not want to give the state the power to be able to try people over and over again on the same thing. Now, it's certainly true that this isn't going to result in a whole other trial or anything. What it did is it resulted in a further trial. It resulted in a double, you know, a second resolution or, you know, I'm sorry, verdict on our violence. But we have to emphasize the finality and be consistent about it, the finality of an acquittal in order to have the law remain in effect. One other question on that one point, and I know you'll have time on rebuttal. But when you're talking about finality, are you familiar with the recent Supreme Court case, U.S. Supreme Court case of Bluford v. Arkansas? It talked about double jeopardy and finality, and does that case affect and impact our analysis here? I'm sorry, I'm not familiar with that one. Well, there was a case in May that the Supreme Court came down with the United States Supreme Court that talked about that. And so I know we didn't ask you to be prepared about this. Yeah, I apologize. That's all right. I recently learned about it myself. So at any rate, okay, well, you'll have time on rebuttal. Thank you. Good morning, Your Honors. May it please the Court. Obviously, I differ on what opposing counsel has said as to whether this was double jeopardy or not. Tell me how this case differs from the Brown case. From the Brown case? First district case. Yes. Yes, but on that case, that was armed violence predicated on intent to deliver. And the Court found no intent to deliver. That's an element of the offense. I think what this all goes back to, and the way I see the only legal analysis that works with double jeopardy, is to start with what is an acquittal. And that's laid out in Martin, Linn, and Supply. And it says a resolution, it has to be a resolution, correct or not, on some or all of the factual elements of the offense charged. Well, getting back to the question, what if the judge here just said not guilty and didn't say anything else? Then I don't think you can do anything about it. Well, he wouldn't be here today, correct? That's correct. How do you know here if the judge resolved any factual elements? He could have said, found him not guilty for any reason or no erroneous reason. Right, but we are looking at the policy for double jeopardy, and the policy for double jeopardy, we can only do what we can do with it. If we know that there has been no factual element that has been decided, then we know that there has, in fact, not been an acquittal. But where do we draw the line here? Wouldn't this be inviting, then, the prosecution to plurally ruling and inquire into the adequacy or the correctness of the judge's underlying reasoning? And if it felt that the judge made some erroneous underlying decision, then there would be an appeal of the not guilty finding. No, I don't agree that that would happen. And the reason is because if it's erroneous, but it's on the elements of the offense, I mean, that's what makes it an offense, and that's what makes it an acquittal. You are weighing in on the sufficiency of the evidence in terms of innocence or guilt as to that offense. The elements of the offense have to be considered to do that. And so if you go back, if the prosecutor comes back in and says, Judge, you know, I think there's this law or this law, or you forgot to consider these additional, you know, facts or something, that's asking them to reconsider what was a determination. And certainly, if there's no indication that, you know, as you say, that the trial judge doesn't give its reasoning, then at that point, you cannot go back and vacate the case. So if I told them just don't double jeopardy here, then would the trial judge get the message, I'm an issue with not guilty finding, and I'm not going to say anything about my reasons? Then there could never be a double jeopardy appeal, could there? Well, there can be a double jeopardy appeal if we don't know. That is correct. Under your theory whereby the court has to make a ruling with respect to an element of an offense, how much time passage must there be? Is there a certain time it can pass, or does it really not matter under your theory? Under my theory, it does not matter. I mean, there is either an acquittal or there is not an acquittal. And in terms of those cases which talk about whether it's equivocal or unequivocal, how much time has passed, I look at those cases truly as something which has been determined only if there's an acquittal. So there has been an acquittal, and then I think to some degree on some of those cases, I'm not sure I understand the reasoning of the court. I believe that the court is really trying to somewhat soften what may or may not be an acquittal. But certainly it's looking at, on its face, at least in a couple of these cases, on its face, are we all aware that in fact the court, maybe through misspeaking or whatever, has not really articulated something that we can determine is in fact an acquittal? But in terms of, how is it any different with a jury? If a jury, and I think we've all had them, where a jury calls somebody, calls a defense attorney the week later and says, gee, I really didn't mean what I meant. I thought he was charged with such and such. How is that any different than with the trial judge who was the trier of fact? Well, I think that I don't know that there's a difference between bench trials and jury trials, but certainly if you come back a week later and say, you know, I've had a chance to rethink this or I didn't really understand it, that's a mistake of law or a mistake of fact on that. But I think when the judge, by his very words at the time he's saying it, says something which on its face cannot be taken as going to the elements of this crime, I mean, it would be the same to me as if there had only been a charge of possession of cannabis, but there was some indication through the facts that there was a controlled substance in the room or something, but it was never charged. And if the judge says, you know, I can't find him guilty of possession of controlled substance, I don't think we would be arguing, well, that's an acquittal of what actually was charged. I understand the cases where the judge speaks. That's clear as you're there, where the judge meant to say guilty but said not guilty. I don't think anybody should have an issue with that. Right. But Justice Shostak raises a legitimate point. We don't inquire into the jury's reasoning. We don't impeach. It's the law's well settled. We don't impeach jury's verdicts or examine the processes by which they arrived at their verdict, correct? That's correct. And we don't also do that with the judge. What are we doing then here? The judge said not guilty. It wasn't until later on when they were talking about a sentencing date that the issue of whether the judge misread the indictment came up. The judge unequivocally pronounced not guilty. Albeit for misreading the indictment, erroneous, whatever you want to attribute it to, he uttered the words not guilty. But that's the label. He uttered the words. But in describing it and in finding him guilty of the very offense that was the predicate offense and at the same time saying, and the reason I'm finding him not guilty is because of this other offense, because there's no intent to deliver, which was not even an element of this offense. It's like a non sequitur. I mean, basically he said I found actually for conviction a part of this. And the other part, which was armed with a dangerous weapon, he decided much later. He took it under advisement. So give me the difference in Justice Shastak's example. What if a juror or several jurors called up the next day and said, my goodness, we made a mistake. We thought we were reading. We read something in this that wasn't there. What would happen then? I think that's a difference. I think if you say we read something into this. Well, what's the difference, though, if they make the same mistake? Let's assume the jury made the same mistake that the judge made for the exact same reasons. That's my example. What's the difference? The difference is if it's not stated at the time, I don't think we can go back and rethink what the judge was or was not. But on this face, this was never an acquittal because the judge articulated I'm finding him guilty because I found that this element was not there. Well, that's not an acquittal because at the time he's saying it, he's not making any determination that can be considered to be an acquittal. When you have the actual intent expressed, it's sort of like misspeaking. The intent expressed that shows that the word acquittal or the word not guilty on this is not really what the judge is saying. But that's what he's intending to say. Well, let me just ask. In terms of determining, you had said we've got to determine if there's an acquittal. Do you agree that it's a two-step process? You have to determine first whether it was equivocal or unequivocal? Actually, I looked at it the other way. I looked at it, is there an acquittal? But it's determining. In other words, has there been a determination on the actual elements? So that means you're looking at the second part. Is it a two-step analysis? I do think it's a two-step analysis. And you're saying Martin Lennon comes first? Yes. I think that Martin Lennon comes first, that there's an acquittal. It has to be a resolution of the facts, guilt or innocence, as to the elements of the crime. Well, how do you then determine the second part of it unequivocal? I mean, doesn't Henry tell us the opposite, that the analysis goes the other way? I heard it the other way because I thought that in most of the cases that talked about in terms of equivocation, I thought that really what they were doing is looking and saying, okay, there was a determination here on the elements, but it wasn't finalized by the court. The court left it open and said, I'm thinking of this or I'm going to do this, something of that sort where there was an equivocation or I want more law before I decide this. And so even though the court had said, well, in particular, I guess that does go back then to has there been a finding on the elements. So I see what Your Honor is saying because I guess you can reverse that and say that once we're looking at an equivocation, there's been no determination then on the elements of the crime. So do you agree that the statement here was unequivocal? The statement here was unequivocal? Again, I thought of it the other way, so I wouldn't have gone there. But the statement was unequivocal, I guess, as to count four is or count three, excuse me, is a guilty. But then you have to look at. I see. Then you go to the second. Right. Then you go to where the elements here, he's making a determination with an element that's not in there. And in terms of what cases seem similar to me, the only case that seems similar at all is the case I cited, the Michigan v. Evans case. But even that case, I see this as a stronger case. And the reason I think this is a stronger case is because, again, what we have to look at, and I know it can be difficult, but I think it's an analysis that works. We have to look at is there a determination of an element that is truly not even within the offense. And in terms of the Michigan case, they were dealing with burning down other property. And it was pretty clear that the other property, that this offense, was a lesser included or a lesser of an offense or less serious than burning a dwelling. So the dwelling, of course, that offense required that they prove that it was a dwelling. Now, the court took that and said, well, then in this case we have to prove that it's not a dwelling. So that was an added element, which is different than what we have here, though. Well, I think that the analysis is similar in that if you're dealing with something, an extraneous element, I mean, actually what the court did here is somewhat comparable in saying that there's no intent to deliver. Well, there's no intent to deliver in the predicate offense here. It's possession. There's no intent to deliver. There's no need to have an analysis of that element and certainly not to decide the case on that element. So I think in that terms, this case actually does give us a good framework for looking at this particular case. But Michigan v. Evans, I think, and maybe only because I'm not familiar with Michigan law, it's unclear to me whether the phrase other property draws in. And it looks like the court did not do it on that basis, did not say other property. I'm going to give a statutory construction of that, and it means X and Y. It looks instead like the court actually looked to IPI and committee comments and mistakenly put in an element that was not there. But certainly there could be an argument that that's more of a statutory construction, which would be an error of law on the offense that was charged. So you're looking at it as inconsistent verdicts, if you will. Yes, yes. But here we don't have that because here that element was in no manner, you know, the element of intent to deliver was in no manner considered. It couldn't be a statutory construction on the part of the judge. The judge obviously and clearly said that he really did think it was a different offense, really. Right, he didn't make that admission. So going back to the original threshold question, would you characterize the judge's mistake here as one of law, one of fact, or neither? Neither. And the reason I say that is because it all starts, again, with the definition of what's an acquittal. And an acquittal is only, and I think implicitly, to the charged offense. You cannot acquit somebody in an offense that's not even charged. So his mistake of fact, I guess, is what it would be, but it's not really a mistake of fact in the terms that we think of it in terms of double jeopardy. Well, let's not get hung up. This thing is troubling to me. The judge didn't acquit him of an offense that he wasn't charged with. He pronounced him not guilty of armed violence. He was charged with armed violence. That's a misnomer. The judge acquitted him based on an offense that was not charged in the indictment, or based upon an uncharged offense, but he found him not guilty of the armed violence. So to say literally he found him not guilty of an offense that was never charged is not correct. Because why would we be here if he found him not guilty of an offense that was never charged? But I don't think that there's a real reasonable distinction between those two because the predicate offense is still, I'm using that as the offense, but the predicate offense has its own elements and becomes an offense, which is then obviously enhanced when it's with a dangerous weapon. So to me, I think you can say this is one offense in the enhancement, which makes it the new offense. Well, could we say he was found not guilty based on an offense that was not the predicate offense? Well, certainly that's true, yes. But he found him not guilty of armed violence, which is the reason we're here, correct? Right, that's true, yes. Are you familiar with the main Supreme Court case, Bluford v. Arlington? I'm not. I wish I had read that, but I did not, so I can't really speak to that. But I did want to just make a couple more points. I think that it really all comes down to, again, the baseline. The baseline is if you're finding somebody guilty or not guilty, making a resolution as to innocence or guilt, which, of course, is what has to happen in terms of double jeopardy, it has to be as to the offense, and the offense is made up of the elements. And if you have an extraneous element, which is not part of the offense, and that's the basis for your decision, and it's said at the same time so that it basically cancels out the words that you're saying because the words do not ñ they're not the equivalent of what you're articulating at the same time. And for that reason, I think there was not an acquittal here. And I would suggest that in terms of the case Michigan v. Evans, even if that case were to go against the prosecution in the U.S. Supreme Court, I don't believe that that actually would be the precedent that would actually bind us in any way because I think this is a stronger case if that decision goes against us on the basis of some type of this is the element and we're looking at statutory construction in here. We can't possibly have that here. It's much clearer here is what I guess I would say. And I think that that particular argument, which I think is being made in the U.S. Supreme Court, does not fly under the facts of this case. Thank you. Regarding Evans, I just want to add that Evans, too, is a directed verdict case. And there are lines of cases ñ there's a line of federal cases in which directed verdicts are treated a little differently than we do ñ we treat them here. There is some talk in some federal cases that are all cited in the Michigan Supreme Court's decision in Evans where they do consider that it might be possible for, under some circumstances, for a court to review its own decision on a motion for a directed verdict. We don't have that kind of law here in Illinois. And more importantly, this is not a directed verdict case. This is an equivalent, the end of the trial case. We cannot look at or consider verdicts that are the result of a bench trial to be impeachable or reconsiderable only when somebody asks the judge to explain his reasons and his reasons aren't wrong. And then say, on the other hand, no matter what the basis was for a jury verdict, it wasn't. It can't be questioned. That doesn't make any sense. Can a judge in Illinois reconsider his decision or verdict within 30 days of the date he pronounces the verdict in a bench trial? Only in favor of the defense. He cannot change it to be in favor of the state. So, unless your honors have any other questions. No. Okay, thank you very much. The court will take the matter under advisement and render a decision in due course. Thank you for your close attention to all the detail in this case.